UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. POTTS, | ) | 1:05-CV-1568 LJO HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| v. | ) | [Doc. #13] |
| | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| GEORGE J. GIURBINO, Warden, | ) | OF HABEAS CORPUS |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated May 3, 2006, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by jury trial on October 22, 1999, of one count of first degree murder in violation of Cal. Penal Code § 187, and one count of first degree burglary in violation of Cal. Penal Code § 459. See Lodged Document

No. 1.[1] On March 10, 2000, Petitioner was sentenced to serve a determinate term of 6 years on the burglary count plus a consecutive indeterminate term of life without the possibility of parole on the murder count. Id.

Petitioner appealed the conviction to the California Court of Appeal, Fifth Appellate District. On October 22, 2002, the appellate court affirmed the judgment. See Lodged Document No. 2. Petitioner filed a petition for review in the California Supreme Court on December 2, 2002, which was summarily denied on January 15, 2003. See Lodged Documents Nos. 3 and 4.

Petitioner then filed three post-conviction collateral challenges in the state courts. On January 8, 2004, Petitioner filed a petition for writ of habeas corpus in the Tulare County Superior Court.[2] See Lodged Document No. 5. The petition was denied on January 22, 2004, as untimely. See Lodged Document No. 6. On June 15, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Fifth Appellate District; the petition was denied on October 22, 2004.[3] On December 9, 2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. See Lodged Document No. 7. The petition was denied on November 16, 2005, as untimely. See Lodged Document No. 8.

On December 2, 2005, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. By order of the Court dated December 9, 2005, the petition was transferred to the Fresno Division and received in this Court.

On April 12, 2006, Respondent filed a motion to dismiss the petition as being filed outside

---

[1] On April 20, 2006, Respondent lodged copies of the state court transcripts with his motion to dismiss.

[2] Although the petition was filed in the Fresno County Superior Court on January 15, 2004, the petition was dated January 8, 2004. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on January 8, 2004, the date Petitioner presumably handed his petition to prison authorities for mailing.

[3] The dates of filing and denial are taken from Petitioner's addendum to his federal petition. Respondent notes that Petitioner filed an application for a protective order with the appellate court with respect to his state petition. The application was granted and the petition was ordered sealed. The appellate court denied the petition.

the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). On April 28, 2006, Petitioner filed an opposition to Respondent's motion to dismiss. On May 9, 2006, Respondent filed a reply to Petitioner's opposition.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on December 2, 2005, and therefore, it is subject to the

provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on January 15, 2003. Thus, direct review concluded on April 15, 2003, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner had one year until April 16, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until December 2, 2005, over 19 months beyond the due date.  Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

1  Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is
2  properly pursuing post-conviction relief, and the period is tolled during the intervals between one
3  state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the
4  state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
5  1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year
6  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction
7  petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
8  U.S. 408 (2005); Chavis v. Evans, ___ U.S. ___, 126 S.Ct. 846 (2006). Claims denied as untimely or
9  determined by the federal courts to have been untimely in state court will not satisfy the requirements
10 for statutory tolling. Id.

11     As stated above, the statute of limitations began to run on April 16, 2003, and expired on
12 April 16, 2004. Petitioner did file a state habeas petition in the superior court on January 8, 2004,
13 which was within the statute of limitations. Although Respondent does not argue that the first
14 petition was untimely, it was. The Tulare County Superior Court specifically stated, "There has been
15 an unjustifiable delay in the filing of the petitioner's claims." See Lodged Document No. 6. Citing to
16 In re Clark, 5 Cal.4th 750, 765 n. 5 (1993), and In re Robbins, 18 Cal.4th 770, 780 (1998), the
17 superior court further stated, "Petitioner failed to raise his claims in a timely fashion. He does not
18 show that his delay was justified by the discovery of new legal or factual bases in support of his
19 claim, or that his claim falls within an exception to the timeliness bar." Id. Under Pace and Chavis,
20 Petitioner is not entitled to any statutory tolling for the time this petition was pending. The
21 subsequent petitions were not filed until after the limitations period expired on April 16, 2004.
22 Therefore, the instant federal petition remains untimely.

23     Even if the Court were to grant statutory tolling for the time the first petition was pending,
24 the instant petition would continue to be untimely. As stated above, the first petition was filed on
25 January 8, 2004. At that point, 267 days of the limitations period had expired. The petition was
26 denied on January 22, 2004, and the limitations period recommenced on January 23, 2004. With 98
27 days left, the limitations period would have expired on April 30, 2004. Pursuant to the Supreme
28 Court's rulings in Saffold and Chavis, Petitioner is entitled to tolling for the interval between the

denial of the first state habeas petition and the filing of the second habeas petition, provided that Petitioner did not unreasonably delay in filing his second petition. <u>Saffold</u>, 536 U.S. at 225; <u>Chavis</u>, 126 S.Ct. at 852. As noted by Respondent, Petitioner delayed for 143 days until he filed his second habeas petition in state court. The appellate court denied the petition for an unspecified procedural default. <u>See</u> Addendum to Petition for Writ of Habeas Corpus. In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." <u>Chavis</u>, 126 S.Ct. at 852. In <u>Chavis</u>, the Supreme Court found a period of six months filing delay to be unreasonable under California law. <u>Id</u>. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. <u>Id</u>., *quoting* <u>Saffold</u>, 536 U.S. at 219. In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in <u>Saffold</u>, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

<u>Chavis</u>, 126 S.Ct. at 853, *citing* <u>Saffold</u>, 536 U.S. at 222-223.

Here, Petitioner's delay of 143 days is clearly unreasonable. The delay is more than twice the short period of time of 30 to 60 days provided by most States for filing an appeal. In addition, the California Rules provide that the People have 60 days to appeal the superior court's granting of habeas relief. Cal. Rules of Court § 1506. Therefore, the habeas petition filed in the appellate court was untimely and Petitioner is not entitled to tolling for the interval between the denial of the habeas petition in superior court and the filing of the next habeas petition in the appellate court. Thus, the instant petition is untimely even if the Court were to consider the first state habeas petition timely.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

1  way."[4] Pace, 125 S.Ct. at 1814; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96
2  (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain
3  v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears
4  the burden of alleging facts that would give rise to tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan,
5  297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

      Assuming it is available, Petitioner is not entitled to equitable tolling because he fails to demonstrate diligence and any extraordinary circumstance which would have prevented him from timely complying with the statute of limitations. In his opposition, Petitioner argues that he should be granted equitable tolling from the time the California Supreme Court denied the petition for review until the time he received a copy of the denial from his appellate counsel, to wit, January 15, 2003, to April 9, 2003. Petitioner also claims he should be granted equitable tolling because he was subjected to institutional lockdowns and an inadequate law library. Finally, he claims that dismissing his petition would be a fundamental miscarriage of justice due to his counsel's ineffectiveness at trial.

      As Respondent correctly points out, the first claim is inconsequential. Petitioner requests tolling from January 15, 2003, until April 9, 2003; however, the statute of limitations did not commence until April 16, 2003, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999). In addition, Petitioner should not be entitled to tolling for this time period even if the circumstances occurred during the limitations period. The limitations period begins on the date of finality of direct review, not the date Petitioner receives actual notice. 28 U.S.C. § 2244(d)(1)(A). Moreover, as correctly argued by Respondent, Petitioner is not entitled to legal assistance when pursuing a petition for review to the California Supreme Court. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Thus, the claim for tolling must be rejected.

      Petitioner next claims that prison lockdowns and an inadequate law library made it

---

[4] The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125 S.Ct. at 1814 n. 8.

impossible to file his federal petition on time. Nevertheless, unpredictable lockdowns and library closures do not constitute extraordinary circumstances warranting equitable tolling where the petitioner fails to make a showing how the lockdowns and library restrictions interfered with the year available to him. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling). Here, Petitioner has made no showing with respect to when the alleged lockdowns and library restrictions took place or how the lockdowns and restrictions prevented him from complying with the limitations period. Thus, the limitations period will not be equitably tolled.

Finally, Petitioner asserts that his claims should be allowed despite his untimeliness in order to avoid a fundamental miscarriage of justice. As correctly argued by Respondent, however, the merits of the petition have no bearing on whether extraordinary circumstances exist sufficient to justify equitable tolling. Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1314-15 (11th Cir.2001); Escamilla v. Jungwirth, 426 F.3d 868 (7th Cir.2005) (Even "[p]risoners claiming to be innocent . . . must meet the statutory requirement of timely action."). In addition, neither the Ninth Circuit nor the Supreme Court has addressed whether there is an actual innocence exception to the statute of limitations.  Even if the Court were to conclude that an actual innocence exception to a violation of the limitations period existed, Petitioner has not met the standard for actual innocence. Petitioner must show that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998), *quoting* Murray v. Carrier, 477 U.S. 478, 496 (1986).  Petitioner must demonstrate that in light of the evidence no

1  reasonable juror would have found him guilty.  <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995).  Petitioner
2  presents no such evidence.
3      Accordingly, Petitioner is not entitled to equitable tolling and the petition remains untimely.

4  **ORDER**

5  Accordingly, IT IS HEREBY ORDERED:

6  1) Respondent's motion to dismiss the petition is GRANTED;

7  2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

8  3) The Clerk of Court is DIRECTED to enter judgment for Respondent.

9  IT IS SO ORDERED.

10  **Dated:    May 18, 2006**                          /s/ Lawrence J. O'Neill
    b9ed48                                            UNITED STATES MAGISTRATE JUDGE